1823.

CHEESMAN
v.
THORNE.

Cheesman vs Thorne and others.

---

A tenant in common of part is not debarred from bringing a bill of parti-
tion individually, merely because he is a trustee as to another part.

There can be a partition or sale notwithstanding other persons may
come *in esse* and be entitled.

---

A suit in partition. The property had been sold; but the
buyers refused to complete their purchases.

It appeared that Samuel Cheesman, the ancestor from whom
the title was derived, had devised one third of the estate to his
son, the complainant John B. Cheesman, in fee; and the re-
maining two thirds therof to the said John B. Cheesman and
the defendant John W. Messinger, in trust, as to one of such
two thirds, for the use and benefit of his daughter, the defen-
dant Sarah, the wife of Samuel Thorne, for and during the
term of her natural life, with remainder over of such one third
in fee to the children of the said Sarah living at the time of her
decease and to the lawful issue of such of them as should then
be dead, and the other of such two thirds (in trust) for the use
and benefit of his daughter the defendant Jane, the wife of
John Merritt for and during the term of her natural life, with
remainder over of such one third in fee to the children of the
said Jane living at the time of her death and to the lawful is-
sue of such of them as should then be dead.

The objection of the purchasers amounted to this: that
John B. Cheesman, having accepted and taken upon himself
such trusteeship, was thereby precluded from applying or suing
for a partition of such premises in his own name, and that, con-
sequently, a good title could not be conveyed to the purcha-
sers under the proceedings in the cause; and that the rights
and interests in the premises of persons not then *in esse*, such

*May* 13,
1833.

Partition.
Trustee.

as the children and grandchildren of the testator's daughters who might be born thereafter, could not be partitioned or disposed of by any proceedings at present. There was also a minor objection, namely, that the quantity of land sold to the purchasers was greater in extent than the parties in the cause had any documentary title for.

A motion was now made to compel the purchasers to complete their purchases.

Mr. R. Bogardus, for the complainant.

Mr. John Leveridge, for the purchasers.

*May* 20.   THE VICE-CHANCELLOR. The objections in this case are not raised by any of the parties. They are made by the purchasers only.

1. I do not see that the complainant, John B. Cheesman, is debarred from bringing a suit in partition simply because he is a trustee for another. He is, in his own right, a tenant in common; and, by statute, both at law and in equity, he has this power. His being a trustee cannot destroy or affect his individual vested rights. So far, therefore, I think the objections not tenable.

2. Then, as to the rights of persons not *in esse.* All from whom such after-comers can spring are before the court as parties. In looking at the statute, I see that those entitled to the reversion, remainder or inheritance, after the termination of any particular estate, are bound by a judgment in partition: 2. R. S. 322. § 35, and (by the 79 § p. 329,) a decree of this court is equally binding and conclusive. Indeed, if there were no statutory provision, the case of *Wills* v. *Slade,* 6 *Ves. Jr.* 498. would be an authority for a decree in such cases. The court decided there could be a partition although other persons might come *in esse* and be entitled; the Chancellor observing, that if it were not so, then in every case where there is a settled estate with remainders to persons who may come *in esse,* there never could be a partition. The limitations

*See Striker* v. *Mott,* 2 *Paige's C. R.* 387 ; *Mitf.* 121.

over are not affected by a partition or sale. They are pro-
tected; and attach to the individual shares which by the decree
are preserved in trust according to the will.

3. There is nothing in the objection as to quantity. It often
happens that land over runs the general description of a deed.

The buyers must complete their purchases. Order ac-
cordingly.