Chief Justice Robertson
delivered the Opinion of the Court.
The bill in this case might be maintained as a bill of review, for error in law apparent on the face of the decree sought to.be'reviewed: for. the decree was rendered against persons as unknown heirs, upon an affidavit by only one of several co-complainants. Such a proceeding should be strictly construed. And we understand the statute which prescribes it to mean that the complaining party, that is, all who are complainants, shall make affidavit that the heirs are unknown to them.— Any other construction would be unreasonable; for, when there are several complainants, all of them, except one who makes the affidavit, may know the persons against whom they are attempting to proceed as unknown heirs.
Second. The bill might be maintained on the ground of fraud in obtaining the- decree; because, in judgment of law, it was fraudulent to proceed against Jeffreys’ heirs as unknown, when the complainants should be presumed,to have known that they lived in a county in this State, near to that in which the bill was filed.
It is clear to us, therefore, that the decree against Jeffreys’ heirs should have been set aside, and the cause opened for full preparation; and after opening the de *90 cree, there should be no other final decree, without bringing Scott’s heirs regularly before the Court, either by a sufficient affidavit, that they too are unknown, •or in some other proper and effectual mode. •
Decree reversed, and cause remanded.