MEAD *v.* MITCHELL and others.

Under our statutes an actual partition or sale under a judgment in partition is effectual to bar the future contingent interests of persons not *in esse,* though no notice is published to bring in unknown parties, and though such future owners may take as purchasers under a deed or will, and not as claimants under any of the parties to the action.

*It seems* that independent of the statute, contingent remainder men, or persons to take under an executory devise, who may hereafter come into being, are bound by the judgment as being virtually represented by the parties to the action in whom the present estate is vested.

Mead *v.* Mitchell.

APPEAL from the Supreme Court. The plaintiff Mead, in 1843, was the owner in fee simple as tenant in common with Mrs. Ellen Tooker, a widow, of the real estate known as No. 20 South-street, in the city of New-York. In October, 1844, Mrs. Tooker died, having by her will devised her real estate to William Mitchell in trust to receive the rents and profits and apply the same to the use of Mrs. Ellen T. C. Hudson, a married niece and sole heir at law of the testatrix, during her natural life, for her separate use ; and after the death of Mrs. Hudson, in default of an appointment by her, to convey the same to such persons of the blood of Mrs. Hudson as would have inherited from her if it had been real estate and she had died intestate seized of the same, and for the same estates. The will empowered Mrs. Hudson, if she should so elect, to appoint by writing in the nature of a last will and testament, that the rents, issues and profits be applied to the use of her husband during his natural life, and also to appoint by similar writing that after his death or his and her death, the trust estate should be conveyed to such of the persons of her blood as would have inherited in case of her dying intestate seized of real estate, as she might select, and for such estates as she might deem proper.

Mead brought his action for partition and sale of the prem ises ; making parties defendant Mitchell the trustee, Mrs. Hudson and her husband, William Henry Hudson their son, and Catharine H. Robinson, a granddaughter of Mrs. Hudson. The last two defendants were the only persons living who on the death of Mrs. Hudson would be heirs-at-law of her blood. No other persons were made parties, and no proceeding was had by publication of notice as against unknown parties in interest, There was judgment for the sale of the premises, directing half the proceeds, after payment of costs and expenses, to be paid to Mitchell, the trustee, to be held and disposed of by him under and in pursuance of the trusts and devises contained in Mrs. Tooker's will, and

with and subject to the powers and appointments and limitations contained in said will.

The premises were sold for $38,500, but the purchaser applied to be discharged on the ground that he could not obtain a good title under the judgment and sale. The main objection was that it could not be shown who will be the heirs-at-law of the blood of Mrs. Hudson who will be entitled, under the will of Mrs. Tooker, to the remainder in fee on the death of Mrs. Hudson, or upon the death of herself and her husband in case she should make an appointment in the nature of a will; that such persons might not be yet in existence and would not be bound by the judgment and sale. The objections were overruled and the purchaser was required to complete his purchase. This order was, on appeal affirmed by the Supreme Court at general term in the first district, and the purchaser appealed to this court. The case was submitted on printed arguments.

*C. Van Santvoord,* for the appellant.

*Benjamin D. Silliman* and *John T. Hoffman,* for the respondents.

PRATT, J. It seemed to be conceded upon the argument that the interests of the defendants William Henry Hudson and Catharine H. Robinson, were substantially the same as if the remainder had been limited to them directly, and not through the medium of a conveyance to them by the trustees. I shall therefore in the examination of the case, assume that they stand in the same relation to the other parties as if no conveyance was required by the terms of the will. The estates of the parties are, therefore, as follows:

The plaintiff has an estate in fee, as a tenant in common with the trustee, in an undivided half of the premises. The defendant Mitchell as trustee, is vested with an estate

for the life of Mrs. Hudson, and in case she so appoints for the life of her husband, in the premises subject to the execution of the trusts.

Of course, under our statute, Mr. and Mrs. Hudson hold no estate in the land but simply the right to the rents and profits for their support. The defendants William Henry Hudson and Catharine H. Robinson hold an executory interest in the nature of a vested remainder, subject to be opened to let in after born children of Mrs. Hudson and to be entirely defeated in case other children should be born of Mrs. Hudson and she should, under the power of appointment given to her by the will, make an appointment exclusively in their favor. These defendants, William Henry and Catharine, now have a vested interest; for they are now persons in being who would take upon the termination of the precedent estate in the trustee for the life of Mrs. Hudson. But it is possible that persons may yet come into being who will be entitled to take under the will with them, and if Mrs. Hudson should so appoint they might take to the exclusion of those now living. It is this contingency which, it is argued on behalf of the purchaser, creates an insuperable impediment in the way of his receiving a perfect title to the premises in question.

This is a very important question, and one which has not to my knowledge been directly adjudicated in this state except in the case of *Cheeseman* v. *Thorne* (1 *Edwards*, 629.)

The right of a tenant in common to have partition of premises held in common has been supposed to be an absolute right (2 *Bl.*, 194), and the right seems to be deemed absolute in our statute regulating proceedings in partition. (2 *R. S.*, 318.) Nothing therefore but imperious legal necessity, growing out of clear provisions of the statute or well established adjudication, should impel this court to hold that remote contingent interests of persons not in being cannot be concluded by proceedings in partition. It is not a question of entirely divesting and destroying such con-

tingent interests; but simply a question whether the property upon which they are attached may be changed in form; whether land may be converted into personal securities under the direction of the court preserving such interests intact upon the property in its new form.

In the English Court of Chancery the general rule is that in actions affecting the title to land it is sufficient to bring before the court the person entitled to the first estate of inheritance with those claiming prior interests, omitting those who might claim in remainder or reversion after such vested estate of inheritance. ( *Calv. on Parties*, 48 ; *Mitf. Pleadings*, 173.) A decree against the person having the first estate of inheritance would bind those in remainder or reversion, although the estate might afterwards vest in possession. Indeed, it was improper to make parties thus remotely interested parties to the action, and thus put them to the trouble of litigating a matter in which they might never have any interest. It was a rule, therefore, which had been adopted, as it was said, partly from necessity and partly on considerations of convenience. ( *Calv.*, 51; 2 *Spence Eq. Jur.*, 707 ; *Story Eq. Pl.*, § 144.)

It would therefore follow, as a matter of course, from this rule, that contingent limitations and executory devises to persons not in being would in like manner be bound by a decree against the virtual representative of these remote and contingent interests, the person having the first vested estate of inheritance. ( *Calv. on Part.*, 50 ; *Mitf. Pl.*, 174.)

But it was said, in *Goodess* v. *Williams* (2 *Y. & C.*, 595), that this principle of virtual representation did not apply to cases where a person seized in fee is liable to have that seizin defeated by a conditional limitation or executory devise; for, in such case, the estate is not sufficiently represented by the person having the first estate of inheritance. That is the condition of the parties in the case at bar; and if the distinction be well founded, and apply to the remote contingent interests of those not in being as well as those in

being, the sale in this case would not, without aid from our statutes, be conclusive.

It is difficult to perceive why such a party could not represent these remote interests as well as one holding an estate not thus liable to be defeated. Except in cases involving these interests directly, such as actions for the construction of a will or deed creating these estates, it is difficult to perceive how their interests can conflict. Surely the same considerations of necessity and convenience might be invoked in favor of applying the same rule to both classes of cases. At all events, the exception, if it exists, should not be extended. In the case cited the contingent interests were represented by persons in being, capable of being made parties, and STORY, in his commentaries on Equity Pleadings, qualifies the rule and restricts it to cases where such contingent interests are represented by persons *in esse.* (*Story Eq. Pl.*,§ 147.) The rule or exception thus qualified, although oftentimes inconvenient in its application, would interpose no insuperable bar to a final judgment in suits affecting lands subject to such remote and contingent interests.

This principle of virtual representation by the person vested with the first estate of inheritance has often been applied in the English courts to suits for partition. In *Wills* v. *Slade* (6 *Ves.*, 498) it was held by Lord ELDON that "it was no objection to a partition that other persons may come *in esse* and be entitled: for if so, in every case where there is a settled estate with remainder to persons who may come *in esse*, there never can be a partition."

It was also held, in *Gaskell* v. *Gaskell* (6 *Sim.*, 643), that a tenant for life of an undivided share of an estate, with remainders to his unborn sons in tail, may file a bill for partition, and the decree will be binding upon the sons when *in esse.* (*Ch. R.*, 125; 2 *P. W.*, 518; *Story's Eq. Jur.*, § 656, a.) The general rule was also recognized by Chancellor WALWORTH in *Nodine* v. *Greenfield et al.* (7 *Paige*, 554).

I think, therefore, that under the general principles of equity practice, independent of our statute, a decree for partition in this case would be binding as well upon those who are parties to the suit as upon those who may hereafter come into being, entitled under the will to an interest in the premises. And as the legislature has provided that a sale of the lands may be made in cases where partition cannot be, I can see no reason why a judgment for sale should not be as conclusive as a judgment in partition.

But if there be any question in regard to the conclusive effect of a judgment for partition or sale without the aid of the statute, I am satisfied that with such aid there can be none. The first statute of this state upon the subject was passed in 1785, and it has been modified more or less down to the Revised Statutes; but the provisions in regard to parties, the method of bringing them into court, and the effect of the judgment to bind the remote and contingent interests of persons not parties to the suit or proceeding, have not, as I can perceive, been materially changed. I shall therefore confine myself to the examination of the statute as it now stands, without attempting to examine critically the various changes and modifications which have been at different times made in the proceedings for partition.

The first section seems to recognize the right of a tenant in common of lands to a partition as an absolute right. (2 *R. S.*, 317.) The seventh section provides that in case "any one or more of such parties, or the share or quantity of interest of any of the parties, be unknown to the petitioner, or be uncertain or contingent, or the ownership of the inheritance shall depend upon an executory devise, or the remainder shall be a contingent remainder, so that parties cannot be named, the same shall be set forth in the petition." The language of this section is broad enough to cover any conceivable interest of persons *in esse* or not *in esse,* and if their rights are not to be affected by the decree,

Mead *v.* Mitchell.

it is difficult to discover why any notice should be taken of such interests at all.

Where owners are unknown, of course they are not nominally parties to the proceedings, and although publication is required to be made in such cases, yet that is not upon any assumption that by such publication those unknown parties will receive actual notice, but simply that everything may be done which the nature of the case will allow, for the purpose of giving them notice. If they get it, well; if not, the partition is not barred, but it goes on to final decree; and, if partition cannot be made, to a sale and conveyance of the premises, which conveyance, by section sixty-one, "shall be a bar, both in law and equity, against all persons interested in such premises in any way, who shall be named as parties in the said proceedings; and against all such persons and parties as were unknown, if notice shall have been given of the application for partition by such publication as is hereinbefore directed; and against all other persons claiming from such parties or either of them." (2 *R. S.*, 327.)

The language of this section is very comprehensive, and taken in connection with the provisions of the seventh section, embraces, I think, the interests of unknown parties not *in esse*, as well as those *in esse*. As very few, if any, of the parties in being who are unknown, would ever receive any actual benefit from the publication, it would be strange if the legislature should make the sale and conveyance binding and conclusive upon them and not upon those who were not in being at all, and whose interests are so remote that it is uncertain whether they will ever come into being, or that the interests will ever attach. Such could not have been the design of the legislature. The statutes have indeed changed the former practice so as to require all persons whatever the nature of their interests may be, if known, to be made parties, but, "where such interests are unknown," or "where the ownership of the inheritance depends upon an executory devise, or the remainder shall be a contingent

remainder, so that the parties cannot be named," the proceedings will not be arrested, but will still go on to judgment; which judgment, unless it be conclusive upon all these interests, would be a mere idle ceremony, of no use except to mislead.

In *Cheeseman* v. *Thorne* (1 *Edw.*, 629), the precise question came before Vice-Chancellor McCoun, substantially in the same manner as it now comes before this court—by objection on the part of the purchaser. It was there held that the interests of persons not *in esse* were bound, and the purchasers were compelled to complete their purchases. That decision has been followed now some twenty-five years unquestioned, I think, until this case, and has been cited as authority by writers upon chancery practice. (2 *Hoffm. Ch Pr.*, 161; 2 *Barb. Ch. Pr.*, 287.) Had I any doubt upon the construction of the statute I should, under the circumstances, be inclined to hold that the point was *res adjudicata* in this state, and that it should not now be deemed an open question.

I think, therefore, that the order of the court below should be affirmed.

All the judges concurring,

Judgment affirmed.