JOHN C. FERRISS, Adminstrator, and others *vs.* CHARLES LEWIS and others.

April Term, 1875.

PRACTICE—UNKNOWN PARTIES—PUBLICATION.—In a suit for the partition of land, where the names and residence of some of the defendants are unknown, in order to give the court jurisdiction as to such parties, it must be stated under oath in the bill, or by separate affidavit, that the names and residences are unknown, and cannot be ascertained on diligent enquiry, and the order of publication must describe such unknown parties by the character in which they are sued, and by reference to the title, interest, or subject-matter of the suit.

*Andrew Allison*, for complainant.

*John A. Campbell*, for Doolin.

THE CHANCELLOR :—Fielding P. Cook and Thomas M. Doolin were the owners in fee, as tenants in common, of a lot of land in Nashville, on which is the famous French Lick, now known as the Sulphur Spring, and valuable almost exclusively by reason of the spring. Cook died, having by will devised his undivided moiety equally to his brothers and sisters and their descendants, the latter taking the share of their deceased parent. Afterwards Doolin also died, leaving a will. By this will he devised one-half of his moiety to his niece, Nannie F. Perkins, during her life, and, at her death, to the heirs of her body ; but should she leave no issue, then to her mother, E. N. Perkins, if she survive her, to her sole and separate use for life, and, at her death, " the same to descend to my heirs according to the statute law of Kentucky ; " and, if his niece should survive her .mother and die without issue, the land to descend to his heirs as specified. The other half of his share Doolin devised to his illegitimate son, Milford E. Doolin, during his natural life, then to the heirs of his body, if any, and, should he die without issue of his body, " the same to descend to my heirs, my half-sister, E. N. Perkins, to share equally with my other heirs, the same as if she were my full sister."

This bill is filed by John C. Ferriss, as administrator with the will annexed of Fielding P. Cook, and by some of his devisees, against the residue of his devisees, the devisees designated by name in the will of Doolin, and "all other unknown heirs of Thomas M. Doolin, deceased," for a sale of said Sulphur Spring lot for partition, upon the ground that the premises are so situated that partition thereof cannot be made, and of such a description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.

By the Code, § 3293, any person entitled to partition of lands is equally entitled to have the premises sold for division upon either of the grounds assumed in the bill, and there is no doubt of the right of the complainants to partition, both under the general powers of a court of equity (*Parker* v. *Gerard*, Amb. 236) and under the Code, § 3262, *et seq.* See, also, *Baring* v. *Nash*, 1 V. & B. 556. The lot in question lies in the lowest part of the natural depression between Nashville proper and North Nashville, is subject to overflow by the back-water in the river in high rises, and owes its value to the healthful mineral spring which gushes up from its bosom. The difficulty of making partition is, in one respect, the same as occurred in the noted case of the "Cold-bath Fields," decided by Lord Hardwicke in 1750, and reported under the style of *Warner* v. *Baynes*, Amb. 589. There, however, the estate sought to be partitioned was large, and the litigants were only two in number. Here, the quantity of land is about an acre, the owners of one of the halves being eight in number, and of the other half, two. One of these latter, Milford E. Doolin, objects to the sale, but his objection is based upon no legal ground, and cannot prevail. It is a clear case of manifest interest of all parties that a sale should be made, and even of sheer necessity, and the statute confers the power which was wanting in the case of the Cold-bath Fields, and of *Turner* v. *Morgan*, 8 Ves. 143, where the difficulty of making partition was greater.

A question presents itself, however, whether we have the necessary parties before the court to give the purchaser a good title, and this grows out of the mode in which the "unknown heirs" of Doolin are brought before the court. These heirs, it will be noticed, are the ultimate contingent devisees in remainder under a valid executory devise. *Williams* v. *Williams*, 1 Tenn. Ch. 306. Chancery, in the absence of statute, acted in matters of partition by compelling the parties to execute the necessary conveyances. *Anonymous*, 3 Swans. 139, note; *Cartwright* v. *Pultney*, 2 Atk. 380. And, where infants were parties, the actual execution of deeds was suspended until the coming of age of the infants. *Lord Brook* v. *Lord Hertford*, 2 P. W. 518. All persons in interest were, therefore, essential parties. And the old rule, as we find it laid down in Mitf. Eq. Pl. 143 (6th Am. ed.), was that, if a contingent remainder, not capable of being barred or destroyed, should have been limited to a person not in being, the conveyance must be delayed until such person shall come into being, or until the contingency shall be determined; in either of which cases a supplemental bill will be necessary to carry the decree into execution, and an executory devise may occasion a similar embarrassment. But it seems to have been since settled, upon the general principle of the cases cited and commented on in *Gray* v. *Barnard*, 1 Tenn. Ch. 298, 304, that there may be a partition although persons may come into *esse* and be entitled, such persons being considered as represented by the persons in being, and the limitations over becoming attached to the individual shares as decreed. *Wills* v. *Slade*, 6 Ves. 498; *Gaskell* v. *Gaskell*, 6 Sim. 643; *Vanlew* v. *Parr*, 2 Rich. Eq. 321; *Cheesman* v. *Thorne*, 1 Edw. Ch. 629; *Ex parte Dodd*, Phill. Eq. (N. C.) 97; *Bofil* v. *Fisher*, 3 Rich. Eq. 1. But the inheritance is not represented, as to persons in being, by one who has the fee, liable to be defeated by a shifting use, conditional limitation, or executory devise. *Goodess* v. *Williams*, 2 Y. & C. C. C. 595; *Jackson* v. *Edwards*, 7 Paige, 399, 401; 1 Eq.

Ca. Abr. 187, pl. 4; *Sherrit* v. *Birch*, 3 Bro. C. C. 229; *Williman* v. *Holmes*, 4 Rich. Eq. 476. In accord with these rulings, the Code, § 3271, provides that every person in being, having an interest in the premises or otherwise, shall be made a party to the suit. And, by § 3291, only such persons as are named in the proceedings, by name or description, seem to be bound. The bill underakes to make these ultimate remaindermen defendants by designating them in the caption as the "unknown heirs of Thomas M. Doolin." This is the only reference made in the bill touching them, and the publication is in the same words. The point for consideration is whether this is sufficient.

By the Code, § 3275, it is provided: "If any of the parties defendant are non-residents, or unknown, or of unknown residence, the court or its clerk may order and make publication for them, under the provisions of the Code in like cases in chancery, where personal service of process is dispensed with." These provisions are found in § 4352, *et seq.* By subsec. 4 of § 4352 personal service of process is dispensed with "when the name of the defendant is unknown, *and cannot be ascertained on diligent enquiry.*" And by subsec. 5 "when the residence of the defendant is unknown, and *cannot be ascertained on diligent enquiry.*" In both contingencies there must be diligent enquiry. Section 4353 provides, in order to dispense with process in either case, that the facts shall be stated under oath, in the bill, or by separate affidavit. Subsequent sections prescribe the mode of procedure in such cases in the master's office, and by publication and the proof of publication. Section 4358 is: "When the suit is against an unknown defendant the order of publication should describe such unknown party, as near as may be, by the character in which he is sued, and by reference to his title, or interest in the subject-matter of litigation."

The jurisdiction of the court to make a sale, in partition, of the property in controversy, so as to be binding upon these unknown heirs, and to give a purchaser a good title,

depends upon a strict compliance with these provisions of the statute law. *Grewar* v. *Henderson*, 1 Tenn. Ch. 76; *Denning* v. *Corwin*, 11 Wend. 647; *Hollingsworth* v. *Barbour*, 4 Pet. 466; *Boswell's Lessee* v. *Otis*, 9 How. 336. It is not stated in the bill, or by separate affidavit, that the names and residences of the parties could not be ascertained on diligent enquiry. Nor does the order of publication describe them by the character in which they are sued, within the meaning of the act, nor by reference to the title, interest, or subject-matter of litigation. They are not sued as heirs of Doolin, but as devisees in remainder of certain land under the terms of his will; and to make publication for them simply as the unknown heirs of Doolin would not be a compliance with the act.

The cause must be remanded to the rules, with leave to the complainants to amend their bill and make publication as required by the statute.