AUSTIN D. MOORE, RESPONDENT, *v.* JOSEPH HEGEMAN, EXECUTOR, ETC., APPELLANT.

*Trust estates — actions relating to — parties to.*

The defendant's testator, by his will, created a trust for the plaintiff for life, with remainder over to the children of two deceased sisters. This action was brought by the plaintiff to have it declared that the trusts created by the will were void, and that he was entitled to an estate in fee simple, instead of one for life, in the property devised by the will. *Held*, that the children of the deceased sisters were necessary parties to the action.

APPEAL from an order made at the Special Term, overruling a demurrer interposed to the complaint herein.

The defendant's testator, by his will, devised all his property in trust for certain purposes therein specified. And, as to the rest and residue of his estate, he directed the same to be divided into three equal shares, one to be held in trust for each of his children for their respective lives, with remainder over upon their deaths. He then directed that : " As to the share held in trust for the last survivor of my children, the same, at his or her death, shall go in fee to his or her lawful issue, if such there be; and, if none, then in fee to the lawful issue of the two children who shall have died: one-half to each stock, if both shall have left lawful issue; or, if only one-half left such issue, then all to such issue ; but, if neither of such children shall have left lawful issue, then to my heirs at law. Such is the disposition to be made of the share held in trust for the last surviving of my children. "

The testator left three children him surviving, two of whom Julia L. and Sarah Augusta, have since died, leaving issue, the plaintiff being the survivor. This action was brought by him to have the trusts created by the will declared void.

*Smith & Woodward*, for the appellant. The lawful issue of Julia L. Rhodes and of Sarah Augusta Lyon, sisters of the deceased, should

have been made parties defendant in this action. The general rule is, that in suits respecting the trust property, brought either by or against trustees, the *cestui que trusts* as well as the trustees are necessary parties. The trustees have the legal interest, and therefore they are necessary parties. The *cestui que trusts* have the equitable and ultimate interest to be affected by the decree, and therefore they are necessary parties. (Story's Eq. Pl., § 207; Cooper's Eq. Pl., 34; Mitford's Eq. Pl., 176; *Wiser* v. *Blackley*, 1 John. Ch., 437; *Champlin* v. *Champlin*, 4 Edw., 228; *Bowers* v. *Smith*, 10 Paige, 201; *Burney* v. *Spear*, 17 Geo. R., 224; *Bailey* v. *Inglee*, 2 Paige, 278; *Lagrange* v. *Merrill*, 3 Barb. Ch., 625; *Sherman* v. *Burnham*, 6 Barb., 403; *Nodine* v. *Green-field*, 7 Paige, 544; *The Eagle Fire Ins. Co.* v. *Cammet*, 2 Edw., 127; Hill on Trustees, 545; *Brevoort* v. *Grace*, 53 N. Y., 245; *Holland* v. *Baker*, 3 Hare, 69; *Mead* v. *Mitchell et al.*, 17 N. Y., 210; *Russell* v. *Lasher*, 4 Barb., 232.)

*John Dikeman*, for the respondent.

TALCOTT, J.:

It appears from the complaint that Julia L. and Sarah Augusta have died leaving lawful issue now *in esse*, and the plaintiff is the last survivor of the three children of the testator. The will provides: " As to the share held in trust for the last survivor of my children, the same, at his or her death, shall go in fee to his or her lawful issue, if such there be, and if none, then in fee to the lawful issue of the two children who shall have died, one-half to each stock, if both shall have left lawful issue." The children of the two daughters are not made parties to the suit, and upon this ground the demurrer is interposed. Assuming the provisions of the will to be valid, then these children of the daughters have now a vested interest, for they are now persons in being, who would take upon the termination of the precedent estate in the trustee for the life of the plaintiff. (*Mead* v. *Mitchell*, 17 N. Y., 210.) As a general rule, all parties having any legal or equitable interest to be affected by the decree are necessary parties to the bill. To this there are some exceptions in practice, as in an action against an executor or administrator, or against an assignee for the benefit of

creditors, to set aside the assignment, which exceptions probably have arisen from the circumstance, that the other creditors and *cestui que trusts* are numerous and may be unknown, and because the party made defendant is strictly a representative of the *cestui que trusts;* so a party entitled to the first estate of inheritance may be held to represent those whose claims are subsequent. The rule is thus stated in Story's Equity Pleadings, section 207 : " In cases of trust. The general rule in cases of this sort is, that in suits respecting the trust property, brought either by or against the trustee, *the cestui que trusts,* or beneficiaries, as well as the trustee are necessary parties." This suit is commenced to have the trusts of the will declared void, and that the estate of the plaintiff, which was intended by the will to be only a life estate, be turned into a fee simple ; in effect cutting off all claims of the sister's children ; and the plaintiff insists strenuously that the provisions of the will, creating the life estate in trust, with remainder off as void, and that, therefore, the children of the daughters have no interest and need not be made parties. This may be so, but ought not to be so decided or decreed without an opportunity for those claiming to be interested in the remainder to be heard on this very point. Unless the children of the daughters are made parties there will be no person before the court who is specially interested in maintaining the validity of those provisions of the will under which their claim to the remainder arises. The plaintiff objects to the form of the demurrer, upon the ground, as stated, that it is a " special demurrer." We do not precisely apprehend the nature and force of this objection. A demurrer for want of proper parties, where the objection appeared on the face of the bill, could always be interposed in equity, and such a demurrer as this, is now expressly authorized by the statute. (Code, § 144.)

The order overruling the demurrer is reversed with costs of the appeal, and the plaintiff allowed to amend within twenty days and upon the payment of costs of the demurrer.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Ordered accordingly.