Dunham *v.* Doremus.

---

Mary Dunham et al., appellants,

*v.*

Cornelius Doremus et al., respondents.

1. It is an established rule of equity practice that estates limited over to persons not *in esse* are represented by the living owner of the first estate of inheritance.

2. A foreclosure bill need not define the nature of the interests which the defendants have in the mortgaged estate, when the peculiar nature of those interests is unimportant to the relief sought by the complainant.

On appeal from a decree in *Doremus* v. *Dunham* advised by Vice-Chancellor Pitney. (No opinion filed.)

*Mr. John W. Harding*, for the appellants.

*Mr. George S. Hilton*, for the respondents.

The opinion of the court was delivered by

DIXON, J.

The bill in this case was filed for the purpose of quieting the title to a parcel of land in Paterson, and the only question now raised is whether the children of Mary Magee, who appeal, have any interest in the premises.

It appears that the property formerly belonged to John Magee, who died seized in 1851, leaving a widow and one child, Mary, then about six years old. By his will he gave the property to his daughter, adding,

"in case Mary should die without having any children then I wish her mother to have and possess the property ; should Mary have children I wish them to possess the property share and share alike at her death."

Mary's children claim that under this clause the fee was limited over to them by way of executory devise or contingent remainder, and is now vested in them.

Conceding this interpretation of the words quoted, it nevertheless is true that until the birth of Mary's children, the fee either was devised to Mary by the other clauses of the will or passed to Mary as her father's heir.

This being the state of the title, the widow of John Magee, soon after his death, purchased a bond secured by a mortgage on the property which John Magee had given in 1846 to the Society for Establishing Useful Manufactures, and in 1857 she filed a bill to foreclose this mortgage, making her daughter

Dunham v. Doremus.

Mary, then twelve years old, a defendant, as her father's heir and the owner of the fee. On this bill the property was duly sold under decree of the court of chancery, and the title thus conveyed is now vested in the complainants.

We are of opinion that by this sale the estate limited over to the unborn children of Mary Magee was cut off. The established rule of equity practice is that estates limited over to persons not *in esse* are represented by the living owner of the first estate of inheritance. *Reynoldson* v. *Perkins, Amb. 564; Giffard* v. *Hort, 1 Sch. & L. 386, 407; Lloyd* v. *Johnes, 9 Ves. 37; Mead* v. *Mitchell, 17 N. Y. 210; Calv. Part. 48 et seq.; Mitf. & T. Pl. & Pr. 24; 1 Dan. Ch. Pr. 262.* When, therefore, Mary Magee was brought into court to answer the complainant's charge that the mortgage created a lien upon the absolute fee-simple, and the complainant's prayer that the fee-simple should be sold to pay the mortgage debt, the decree that such sale should be made bound not only the estate of Mary Magee but also all estates which might thereafter have arisen.

It is further argued that in order to bar the estate of the appellants it was necessary that the foreclosure bill should set forth their estate definitely, and since it does not do so, their estate remains.

The bill charges that John Magee, owning the fee-simple, had made the mortgage and had died seized, leaving a will of which profert was made, and leaving Mary as his only child. This was sufficient. It clearly indicated the extent of the lien claimed and called attention to the means by which the mortgaged estate had been transmitted, and brought into court all the persons by whom that estate could or ought to be defended. Nothing further can be required of a complainant. *Lloyd* v. *Johnes, 9 Ves. 37, 64.* It would be unjust to cast upon a complainant the burden of correctly describing the rights of the various defendants, at the risk of defeating his own claims in case of error, when the nature of those rights is of no importance to the relief which he seeks.

The further claim of the appellants, that the widow of John Magee bought the bond and mortgage with moneys belonging

to John Magee's estate, is not supported by the proofs, and if it were it could not now avail the appellants. In the foreclosure bill she asserted that the bond and mortgage were her own and constituted an outstanding lien upon the estate of John Magee, and the decree in her favor conclusively establishes that as the truth against all the parties in or represented in that suit. Nor were the persons who purchased under that decree bound to inquire whether it was one proper to be made, provided it was within the issues presented by the bill, and of that there can be no question.

In our judgment, the title of the complainants is not open to dispute, and the decree below should be affirmed.

*For affirmance* — DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, KRUEGER, NIXON—13.

*For reversal*—None.