(164 App. Div. 472)

ADAMI et al. v. GERCKEN.     (No. 6139.)

(Supreme Court, Appellate Division, First Department.   November 20, 1914.)

1. WILLS (§ 634*)—CONSTRUCTION—INTEREST DEVISED.
    Testator devised land to his wife for life, or so long as she remained his widow; the will providing that in case of her marriage she should take a life estate in only one piece of the property. The testator also directed that, when his youngest child arrived at full age, the residue of his estate should be equally divided among his living children, issue of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dead children to take their parents' share. *Held* that, in view of Real Property Law (Consol. Laws, c. 50) § 37, authorizing the creation of estates in expectancy, the testator's children took expectant estates, to which they were entitled upon the death of the widow without remarrying, although their estates might be divested upon the death of any before the youngest child reached its majority, in which case the issue of the deceased child took the share of its parent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. JUDGMENT (§ 679*)—PERSONS CONCLUDED—REPRESENTATION.

A judgment partitioning land, to which proceeding children who afterwards became entitled to part of the land were not made parties and were not represented, does not bind them because their interests were only contingent and their parents were parties, for though some of the children were not in esse, they could not be represented by the living owners, where no provision for partition of their interest was made.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1200; Dec. Dig. § 679.*]

3. SPECIFIC PERFORMANCE (§ 95*)—TITLE—SUFFICIENCY.

Specific performance will not be compelled, where the title to land is doubtful; a purchaser desiring to acquire land, and not a lawsuit.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 257–277; Dec. Dig. § 95.*]

4. APPEAL AND ERROR (§ 1175*)—DETERMINATION—REVERSAL.

In a suit to compel specific performance of a contract to convey land, where judgment for plaintiff is reversed, the appellate court will render judgment for defendant as prayed in the answer, where the title is such that it could not be cured upon second trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Trial Term, New York County.

Action by Albert Adami and another against Dietrich O. Gercken. From a judgment for plaintiffs, defendant appeals. Reversed and rendered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

Elfers & Abberley, of New York City; for appellant.

Alfred Steckler, of New York City, for respondents.

SCOTT, J. The plaintiff claims title to the property contracted to be sold under a judgment in a partition suit between the children and heirs at law of Frederick Schwab, deceased, who owned the property in his lifetime. The defendant objected to the title upon two grounds, only one of which it is necessary to consider. That objection was that certain grandchildren of Frederick Schwab, who had contingent interests in the property under the will of their grandfather were not made parties to the partition suit, and that their interests were consequently not cut off.

Frederick Schwab, by his will executed in 1891, gave all of his real and personal property to his wife for life or so long as she remained his widow. In case of her remarriage he gave her a life estate in one piece of property. He also provided that in case of such remarriage his children should each be paid the sum of $2,000, the children of a

deceased child taking the legacy which the parent would have taken if living. The fifth clause, under which the present contest arises, reads as follows:

"After my youngest child shall have arrived at full age, I direct that the residue of my estate be divided, share and share alike, among my children then living and such of my children as may have died leaving issue, such child's share shall go to his or her respective issue."

To the executrices, consisting of the plaintiff Louise Adami, and another daughter, Magdalena Kaiser, was given a power of sale. The widow, Barbara Schwab, did not remarry, and died on July 18, 1900, and immediately thereafter an action in partition was commenced by Magdalena Kaiser, in which all the surviving children of said Frederick Schwab were made parties defendant. None of the grandchildren of said testator, of whom 10 were then living, was made a party to the action. It was the contention of the plaintiff and the other heirs at law that Frederick Schwab died intestate as to his real estate after the death of his widow, and that his children surviving at his death took said real estate in fee simple absolute as heirs at law. This contention was upheld by the court, and a judgment was entered for a sale and partition. On such sale the property was purchased by the plaintiffs, who received the referee's deed therefor. Subsequently confirmatory deeds were executed to plaintiffs by the executrices named in the will of Frederick Schwab, deceased.

[1] The youngest child of Frederick Schwab was Emma Schwab, afterwards Emma Correll, who died on November 8, 1905, before she had attained the age of 21 years. As has been said, there were 10 grandchildren of Frederick Schwab living when the partition suit was begun. Others were born afterwards and before the death of Emma Schwab. Of the children of Frederick Schwab living at the time of his decease, two, Michael F. and George, had died prior to the death of the widow, Barbara Schwab, unmarried, intestate, and without issue. Of the surviving children living at the time of the death of Barbara Schwab, and at the time of the judgment in the partition suit, one, Catherine Hall, had died leaving issue before the death of Emma Correll, born Schwab. Said Emma Correll also left a child her surviving. This disposition of his estate made by Frederick Schwab, therefore, was that his widow was given a life estate during her life or widowhood, and expectant estates were given to his children, or the issue of deceased children, who might be living when Emma Schwab, his youngest surviving child, attained the age of 21 years, or died before attaining that age. Coston v. Coston, 118 App. Div. 1, 103 N. Y. Supp. 307.

There was no devise providing for the devolution of the estate during the period of time which might elapse, and in fact did elapse, between the death of the life tenant and the day upon which the expectant estates were to be vested in possession. As to the intervening period the testator died intestate, and the heirs at law took the property, subject, however, to the possibility that the expectant estates, lawfully created by the will, might devolve upon others than those who answered to the description of heirs at law when the life tenant died. The estate

in expectancy created by the will is expressly authorized by section 37 of the Real Property Law, and corresponds in the main with what was known to the common law as an executory devise. Although the lands vested in the testator's children, as heirs at law, upon the death of the life tenant, their title until the happening of the event upon which the expectant estate was to vest as an estate in possession was contingent and liable to be divested by the death of one of the heirs leaving issue. Schwarz v. Rehfuss, 129 App. Div. 630, 114 N. Y. Supp. 92, affirmed 198 N. Y. 585, 92 N. E. 1101. This is precisely what happened in the present case. Catherine Hall, one of the children and heirs at law of the testator, died after the judgment in the partition suit, and before the death of Emma Correll, leaving children who had not been made parties to the partition action. They took title on the death of Emma Correll, not through their mother as her heirs, but directly under the will of Frederick Schwab, their grandfather. They were therefore not concluded by the judgment in partition, nor was the child which survived Emma Correll.

[2] It is urged in behalf of the title that the children of the heirs at law should be deemed to have been represented by their respective parents, and so bound by the partition judgment. The general rule, of course, is that a judgment binds only parties and their privies; but there is a well-recognized exception in a case wherein an estate is vested in persons living, subject only to the contingency that persons may be born who will have an interest therein. In such a case the living owners of the estate, for all purposes of any litigation in reference thereto and affecting the jurisdiction of the courts to deal with the same, represent the whole estate and stand, not only for themselves, but also for the persons unborn. This is said to be "a rule of convenience and almost a necessity." Kent v. Church of St. Michael, 136 N. Y. 10–17, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693. This exception to the general rule is, however, only applicable when the judgment by which the unborn child is sought to be bound is contested bona fide by some person or persons having a like interest with the children not in esse, and due provision is made for the unborn children by setting apart land, or the proceeds of land, to represent, in some form, their interest. Cheesman v. Thorne, 1 Edw. Ch. 629; Mead v. Mitchell, 17 N. Y. 210, 72 Am. Dec. 455; Brevoort v. Grace, 53 N. Y. 245; Monarque v. Monarque, 80 N. Y. 320; Kent v. Church of St. Michael, supra; Tonnele v. Wetmore, 195 N. Y. 436–446, 88 N. E. 1068.

In Monarque v. Monarque, supra, the will gave a life estate to testator's wife, then life estates to each of his four daughters, with remainder to their children. An action for partition was brought by one of the daughters, to which the mother and three other daughters were made parties. No provision was made in the judgment for the protection of after-born children of the daughters. The court said:

"Nor does the judgment in the partition suit bar the future contingent interests of persons not in esse. A judgment and sale in partition may conclude contingent interests of persons not in being; but this is only in cases where the judgment provides for and protects such interests by substituting the fund derived from the sale of the land in place of the land, and preserving it to the extent necessary to satisfy such interests as they arise."

In McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct: 652, 28 L. Ed. 1015, cited with approval in Downey v. Seib, 185 N. Y. 427–433, 78 N. E. 66, 68·(8 L. R. A. [N. S.] 49, 113 Am. St. Rep. 926), it was said:

"In every case there must be such parties before the court as to insure a fair trial of the issue in behalf of all."

In that case, as in this, the parents of the children sought to be bound had been parties to the action. Their interests, however, were not identical with, but rather in hostility to, those of the children. So they are in the present case, for the parties to the partition action claimed the absolute title to the property, which was clearly inconsistent with the existence of valid expectant estates in their children. The conclusion is inevitable, therefore, that the partition judgment under which the plaintiffs claim title was not binding upon, and does not conclude, the children of Catherine Hall and Emma Correll.

[3] The executrices of Frederick Schwab, of whom the plaintiff Louise Adami was one, made a confirmatory deed to plaintiffs, assuming to act under the power of sale contained·in the will, and we are asked to say that this cured any defect in the partition proceedings and conferred good title upon plaintiffs, irrespective of the partition suit. This we cannot do on the record before us. The defendant contracted to buy land, not a lawsuit, and it is quite possible that he would be unable to successfully defend an action in which the validity of the deed from the executrices would be attacked.

[4] The defects in the title above pointed out could not be cured upon a new trial. The judgment appealed from will therefore be reversed, and judgment entered in favor of the defendant as prayed for in the answer, with costs to defendant in all courts.

A decision, including findings of fact and conclusions of law, and the judgment to be entered thereon, may be settled on notice. All concur.