SANDER HARRIS, Respondent, *v.* JOHN H. STRODL, Appellant.

V. died seized of certain premises, leaving his widow and three children, all of age, surviving him. By his will he gave to his widow all of his estate during life, or until she should remarry. Should she remarry, the executors were directed to sell all of the estate, pay one-third of the proceeds to her and divide the residue equally among the children, the children of any child who may have died to receive the parent's share. Upon the death of the wife without having remarried, the property was directed to be divided equally among the testator's children, the children of a deceased child to receive their parent's share. Full power was given to the executors to sell and convey the real estate "whenever they may deem it best to do so, and upon such terms as they may think desirable." The widow and children united in a conveyance of the premises to defendant, who contracted to sell the same to plaintiff. Defendant tendered a deed, executed by himself, which plaintiff refused to accept. In an action for specific performance, or, in case it could not be had, to recover back the purchase-money paid, defendant produced a deed, executed by the executors, which recited that the consideration stated was the same as that stated in the deed of the widow and children. It was not claimed that any portion of the consideration was paid to the executors as such. *Held*, that the first deed simply conveyed a title, subject to be defeated in part by the death of one of the children prior to the death or remarriage of the widow; that nothing remained for the executors to convey but the future contingent interests of the grandchildren, and this, under the power of sale, they could only so sell and convey as to secure the proceeds to the grandchildren in case of the contingency happening making them the ultimate devisees; that the deed executed by them was not a valid execution of the power; and, therefore, that defendant did not have a marketable title.

(Argued March 23, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order

made July 18, 1890, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought for the specific performance of a contract made by the parties February 16, 1888, for the sale by the defendant to the plaintiff of a lot in the city of New York for the price of $24,900 by full covenant deed to be delivered April 15, 1888, conveying to plaintiff title in fee simple free from incumbrances, except as to outstanding tenancies and a mortgage, not here material.

The plaintiff paid $1,000 upon the contract at its date and necessarily expended $224.10 in examining as to the title, and was ready and willing to perform. The defendant tendered a deed of the premises executed by himself, which plaintiff refused to accept upon the ground that the deed under which defendant claimed did not convey to him full title for reasons discussed in the opinion. The complaint asks, in case specific performance could not be made, that he recover the $1,000 advanced by him and his said expenses. The trial court directed judgment in favor of the plaintiff for said sums, with costs.

Further facts are stated in the opinion.

*F. J. Moissen* for appellant. The first conclusion of law by the court at Special Term that the title offered to plaintiff by defendant is not a good and marketable title, is erroneous. (*Morse* v. *Morse*, 85 N. Y. 53–58; 2 R. S. 729, § 56; 4 Kent's Comm. 321; *Crittenden* v. *Fairchild*, 41 N. Y. 289; *Hetzel* v. *Barber*, 69 id. 1–7; *Prentice* v. *Janssen*, 79 id. 479; *Armstrong* v. *McKelvey*, 104 id. 170–183; *Savage* v. *Sherman*, 24 Hun, 307.) The executors having the power under the will of John George Vix, to sell his real estate, etc., and it being admitted that the property conveyed by that deed is the property in question, the title in the defendant was perfect and marketable. (*Roseboom* v. *Mosher*, 2 Den. 68, 69; *Kinnier* v. *Rogers*, 42 N. Y. 531; *Belmont* v. *O'Brien*, 12 id. 394; *M. L. Ins. Co.* v. *Woods*, 121 id. 308; *Champlin* v.

*Champlin*, 3 Edw. Ch. 377; *Fleming* v. *Burnham*, 36 Hun, 450.) The action being brought in equity to compel a specific performance of a contract upon a sale of real property, and tried in the equity branch of the court, the judgment should have been that the defendant convey or pay damages. (*Viele* v. *T. & B. R. R. Co.*, 20 N. Y. 188; *Shaffer* v. *Dietz*, 83 id. 300; *Margraf* v. *Muir*, 57 id. 158.) It was immaterial that the defendant's title was only made perfect at the trial, because if the defendant can give a good title at the time of the decree the complainant will be compelled to accept it. (*Pierce* v. *Nichols*, 1 Paige, 246; *Seymour* v. *Delancy*, 3 Cow. 505; *Brown* v. *Haff*, 5 Paige, 241; *Clute* v. *Robinson*, 2 Johns. 614; *Edgerton* v. *Peckham*, 11 Paige, 361; *Stevenson* v. *Spratt*, 3 J. & S. 505; *Jenkins* v. *Fahey*, 73 N. Y. 359.)

*David McClure* for respondent. The defendant was not at the time of contract possessed of the title. (*Colton* v. *Fox*, 67 N. Y. 348; *Loder* v. *Hatfield*, 71 id. 98; *Warner* v. *Durant*, 76 id. 133; *Smith* v. *Edwards*, 88 id. 92; *Delany* v. *McCormack*, Id. 174; *Bushnell* v. *Carpenter*, 92 id. 270; *Shipman* v. *Rollins*, 98 id. 324; *In re N. Y., L. & W. R. Co.*, 105 id. 89; *Goerlitz* v. *Malawista*, 56 Hun, 120.) The executors' deed tendered at the trial does not complete title. (*Scholle* v. *Scholle*, 113 N. Y. 261; *Dominick* v. *Michael*, 4 Sandf. 375; *Crittenden* v. *Fairchild*, 41 N. Y. 289; *Kinnier* v. *Rogers*, 42 id. 531; *Fisher* v. *Banta*, 66 id. 468; *Allen* v. *De Witt*, 3 id. 276; *Russell* v. *Russell*, 36 id. 581; *Roome* v. *Phillips*, 27 id. 357; *Smith* v. *Bowen*, 35 id. 83; *S. S. Bank* v. *Holden*, 105 id. 415; *Fleming* v. *Burnham*, 100 id. 1; *Moore* v. *Appleby*, 108 id. 241.)

LANDON, J. John George Vix died in 1874 in the city of New York seized of the premises in question as owner in fee simple, leaving his widow Salomea and his three sons, Jacob, George and Edward, all of full age, surviving him. He also left a will, which was afterwards duly proved, the material parts of which are as follows:

" First. I devise and bequeath unto my beloved wife Salomea Vix all of my estate, both real and personal, of which I may be seized at the time of my decease. To have and to hold the same unto her for and during the time of her natural life, or until she shall remarry, to receive the rents, issues and profits thereof and apply the same as she shall see fit.

" Second. Should my said wife marry again after my death, then and in such case I do direct that all my said estate, real and personal, be sold by my executors hereinafter named, either at public or private sale, and one-third of the proceeds thereof paid to my said wife, and that the remaining two-thirds thereof be divided equally between my children, share and share alike, the children of any of my said children who may have died to receive the amount the parent would be entitled to if living.

" Third. Should my said wife die without marrying again, then upon her death I hereby direct that my said estate shall be divided between them, share and share alike, the children of any deceased child to receive the same proportion the parent would have received if living, the devisees in this clause being my children or the children of any of them who may have died.

" Fourth. I hereby give unto my said executors full power to sell and convey any and all of my said real estate whenever they may deem it best to do so and upon such terms as they may think desirable.

" Lastly. I hereby nominate and appoint my said wife Salomea to be executrix and my friend Michael Schmidt to be executor of this my last will and testament, hereby revoking all former wills by me made."

The widow is living and has not remarried. The three sons are living, Edward and George each have children, Jacob has none. Schmidt the executor is also living. February 1, 1886, the said widow and the three sons of the testator, the wife of Edward uniting in the conveyance, conveyed the premises in question to the defendant for the expressed consideration of $19,500.

Upon the trial the defendant produced a deed dated February 1, 1886, of the said executors of the will of the testator to the defendant of the premises. This deed was acknowledged by one executor December 5, 1888, and by the other January 31, 1889. This deed recites the consideration of $19,500, being the same as recited in the deed given defendant by the widow and three sons. It is not claimed that the executors as such received any consideration whatever. The action was commenced in April, 1888.

It is obvious from the terms of the will that if any of the children of the testator should die before the remarriage of the testator's widow, or if she should not remarry if any of them should die in her life-time, that the children of such deceased child would be substituted in the parent's place as the ultimate devisees of the portion of the estate which the parent would take if living.

The deed from the testator's children conveyed to the defendant what they had a right to convey, namely, a title subject to be defeated in case the contingency contemplated by the testator should occur. This position is not contested by the appellant. But it is contended that the power of sale given to the executors by the fourth clause of the will is ample and that the deed given by them to the defendant cures the defect.

The power is "to sell and convey  *  *  * whenever they may deem it best to do so, and upon such terms as they deem desirable." It is contended that they deemed it best to convey to the defendant for the purpose of vesting in him the remnant of the title which remained unconveyed after the conveyance of the widow and children, and that they deemed the confimation of that conveyance upon the consideration expressed in it desirable terms. This may meet the letter of the power, but does not satisfy its spirit. The widow and three children of the testator having conveyed all their estate in the premises, nothing remained for the executors to convey but the future contingent estates of the grandchildren. Clearly they ought to have so sold these as to secure the proceeds to the grandchildren in the event of the contingency happening, making

them the ultimate devisees of the testator. But as the case is presented the executors made the conveyance to the defendant so as to enable the takers of the defeasible estates to keep and convert to their own use the full price of the whole estate, as if their children had no contingent future estate in it. The plaintiff has full knowledge of all these facts. What defense could he make to the claim of the grandchildren if, as is not improbable, they become the testator's devisees? (*McMurray* v. *McMurray*, 66 N. Y. 175.)

The question is an important one. The general rule is that to the due execution of a power there must be a substantial compliance with every condition required to precede or accompany its exercise. (*Allen* v. *De Witt*, 3 N. Y. 276; *Roome* v. *Philips*, 27 id. 357; *Russell* v. *Russell*, 36 N. Y. 581; *Adair* v. *Brimmer*, 74 id. 539; *Syracuse Savings Bank* v. *Holden*, 105 id. 415.)

Two cases recently before this court under the same will illustrate both the valid and the invalid execution of a power much like the one before us. (*Scholle* v. *Scholle*, 113 N. Y. 261; *Mutual Life Ins. Co.* v. *Woods*, 121 id. 302.)

It may be that the grandchildren will never take under the will, or if they should that a satisfactory answer to the question we have suggested could be made. But the purchaser is entitled to a marketable title. He should be protected against the risk suggested. (*Moore* v. *Appleby*, 108 N. Y. 241; *Meth. Epis. Ch.* v. *Thompson*, 13 N. Y. S. R. 130.)

The judgment should be affirmed.

All concur.

Judgment affirmed.