Henry J. Barnes, Appellant, v. Joseph G. Luther and Others, Defendants, Impleaded with Amelia M. Barnard and Others, Appellants.

In the Matter of the Petition of Louis Lowenstein and Another, Respondents, to be Relieved from the Purchase of Real Estate.

*Action of partition — when contingent interests of persons not in being may be cut off.*

In an action brought for the partition and sale of realty, the contingent interests of persons not in being may be cut off, provided the judgment entered therein provides for and protects those interests, but not otherwise.

Appeal by the plaintiff, Henry J. Barnes, and by the defendants, Amelia M. Barnard and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of February, 1894, relieving the petitioners, Louis Lowenstein and another, from their contract for the purchase of certain premises, and directing the repayment to them of the sum of $1,292.

*Thomas P. Wickes*, as receiver, appellant and attorney in person.

*Horace H. Chittendon*, for plaintiff, appellant.

*James M. Townsend*, for Amelia M. Barnard, defendant, appellant.

*Masten & Nichols*, for certain defendants, appellants.

*Franklin Pierce*, for purchasers, respondents.

Follett, J. :

February 17, 1888, Julia M. Luther, a citizen of this State, died seized of No. 322 Delancey street and No. 56 Goerck street, the income of which she devised to her sisters, Amelia M. Barnard and Amanda M. Ball, and to the survivor of them for life. Her will was probated in Kings county, in this State, March 20, 1888, and letters testamentary issued thereon to Amanda M. Ball, who acted as executrix until her death, and thereafter, and on the 16th of November, 1888, letters testamentary were issued to Joseph G. Luther. The testatrix left her surviving said two sisters and nine nephews

and nieces, the children of a deceased brother, her only heirs and next of kin. The fee of this realty descended, subject to the life estate devised, one-third to each of her said sisters and one-third to the children of her deceased brother, each nephew and niece becoming entitled to a one-twenty-seventh part. In August, 1888, said Amanda M. Ball, a resident of Massachusetts, died in that State, leaving a last will by which she devised her interest in the property to Henry J. Barnes, the plaintiff. On the 4th of September, 1888, her will was admitted to probate in the State of Massachusetts, and letters testamentary issued thereon to Henry W. Hart and Samuel M. Brown.

On the 26th of April, 1892, Abbie Maria Ball, one of the nieces, a citizen of Massachusetts, died leaving a will by which she devised her interest in the property to Henry H. Earl, as trustee, with directions to apply the income therefrom to the support of her son, Harry Wheaton Ball, during life, and upon his death, leaving children, the remainder was devised to them, but in case he left none it was devised to the sisters of the executrix, except Mary Hannah Pierce. Her will was admitted to probate in Massachusetts November 18, 1892, and letters testamentary were issued thereon to Henry H. Earl. The wills of Amanda M. Ball and Abbie Maria Ball have not been recorded in this State, pursuant to section 2703 of the Code of Civil Procedure, nor does it appear whether they were executed in accordance with the laws of this State.

James Westgate Mason, one of said nephews, died intestate in Massachusetts, September 20, 1892, leaving no ancestors nor descendants, and leaving his brothers and sisters and his nephew, Harry Wheaton Ball, his sole heirs and next of kin.

In April, 1893, this action was begun to compel Joseph G. Luther, as executor of Julia M. Luther, to account as said executor. During the pendency of the action, Thomas P. Wickes was appointed receiver of the property of Julia M. Luther within this State.

The surviving sister, said Amelia M. Barnard, and the seven surviving nephews and nieces are parties defendant, and so are the representatives of Amanda M. Ball, Abbie Maria Ball and James Westgate Mason. They all answered and joined in the prayer of the complaint, and also prayed for a judgment distributing the estate of Julia M. Luther among the persons entitled thereto. An

interlocutory judgment was entered in the action directing a sale of the property under the direction of Thomas P. Wickes, and a distribution of the avails. Upon the sale had, pursuant to the judgment, the respondents became the purchasers, but afterwards applied to be relieved from their purchase upon the ground that the title is defective. Harry Wheaton Ball is not a party to this action, but he offers to join in the conveyance of his interest in the property. No provision is made in the judgment under which the respondents are asked to take their title for the protection of the interests of such children as Harry Wheaton Ball may leave him surviving. In an action brought for a partition and sale of realty the contingent interests of persons not in being may be cut off, provided the judgment entered provides for and protects those interests, but not otherwise. (*Monarque* v. *Monarque*, 80 N. Y. 320 ; *Kent* v. *Church of St. Michael*, 136 id. 10.) Under the will of his mother, Harry Wheaton Ball did not acquire her interest in this land, and his conveyance would not cut off the interests of such children as he may leave in the land devised by his mother.

The title tendered is not one which the respondents should be required to take, and the order should be affirmed, with costs.

Van Brunt, P. J., and O'Brien, J., concurred.

Order affirmed, with ten dollars costs and disbursements.