(13 Misc. Rep. 530.)

DULL v. ROHR et al.

(Supreme Court, Special Term, Erie County.  July, 1895.)

EQUITY—JURISDICTION—COMPELLING CONVEYANCE OF LAND.

A quitclaim deed, executed voluntarily by defendants, conveying land of which they were tenants in common to their cotenant as a gift, was lost without having been recorded.  The grantee then conveyed the land to plaintiff for value.  *Held,* that defendants could not be compelled to execute another quitclaim deed for the purpose of making plaintiff's record title clear, where they did not assert any claim to the land.

Action by George W. Dull against John Rohr, Sr., and others, to establish title and possession to real estate.  Complaint dismissed.

Frederick Haller, for plaintiff.

L. L. Babcock, guardian for infant defendants.

WARD, J.  Clara Schueler, of the city of Buffalo, was seised in fee of a strip of land on Monroe street, in that city, 25 feet front and 109 feet deep.  She died intestate on the 20th of December, 1865; leaving her husband, Joseph Schueler, and Josephine Rohr and five other children.  The plaintiff claims, and has given evidence tending to prove, that after the death of Clara the children conveyed by quitclaim deed to their father, Joseph, the premises, the deed expressing a consideration of only one dollar to be paid. This deed was never recorded, but the plaintiff claimed it was lost. Afterwards Joseph, for value, deeded the premises to the plaintiff, which deed was recorded.  The plaintiff claims that when he purchased he was informed of the deed from the children to Joseph, and supposed it was recorded, and relied upon that fact.  The plaintiff went into possession of these premises in 1883, and has since enjoyed the possession undisturbed, and no claim of adverse rights in the premises has been made against him, and none of the defendants make any claim to the premises now.  Josephine Rohr died in August, 1894, intestate, leaving the defendants, her husband and children; the children being infants.  Before the death of Josephine the plaintiff demanded of her that she execute a quit-

claim deed of the premises to him. She declined, saying that she had executed one quitclaim deed, which was sufficient. This action was brought to establish the title and possession of the premises in the plaintiff, as against the defendants. The father, John Rohr, Sr., is in default, and the plaintiff is entitled to judgment against him for the relief demanded in the complaint. The question here is whether the action can be maintained against the infant defendants, who submit their rights to the protection of the court. This action cannot be maintained as one to compel a determination of a claim of real property, under article 5, c. 14, of the Code of Civil Procedure, because, to do so, there must exist an adverse claim to that of the plaintiff, which defendants make to the premises. Section 1638. The plaintiff does not invoke this statute, but claims that equity will require this relief upon some equitable principle, and seems to rely upon Kent v. Church of St. Michael, 136 N. Y. 16, 32 N. E. 704. We are met with the broad question whether, when a person who, without obligation to deed, does so, for a nominal consideration (in effect, a gift), and through the carelessness or folly of the grantee the deed is not recorded, but is lost, and the grantee deeds to another for value, that other, for the purpose of supplying a missing link in his record title, can compel the heirs of the first grantor to deed to him. It will be observed that in the case before us there was never any obligation, by contract or otherwise, to deed to the plaintiff or his grantor, on the part of Josephine, nor was Josephine in any manner responsible for the loss of the deed to her father, and no act of hers created any obligation or estoppel against her in favor of the plaintiff. In this respect the case at bar differs from the case in 136 N. Y. and 32 N. E. In that case a deed had been executed, pursuant to a contract of sale, to the vendee, but, through misfortune of the vendee, had been lost. The vendee then asked for another deed from those holding the vendor's title, which was refused, and action was brought to compel a second deed. The court held that the action was in the nature of one for specific performance, and that inasmuch as the vendee was, by contract, entitled to a deed, and could have maintained an action for specific performance upon refusal to give the first deed, that action was maintainable, as the representative of the original vendor had still the title, and it would be inequitable to retain it as against the vendee under the circumstances of that case. Upon what principle, therefore, can Josephine or her heirs be called upon to repeat the voluntary act of conveying her interest in the property, when neither she nor any of her heirs have made, or now make, any claim to the premises? The court is asked, in effect, in this action, to assert the principle that whenever, upon search of the records, a party discovers a missing link in his title to real estate, he may come into court, and compel a conveyance from any one who may appear to have the record title, no matter whether that person makes any claim to the property, or not, and although that person is under no obligation, legal or equitable, to make the conveyance. There is no foundation in reason or authority for such a proposition. It does not come under any branch of equity juris-

diction, and the court, as the guardian of these infants, cannot permit a recovery against them, or any title asserted against them, under the circumstances.   It is time enough for the plaintiff to ask this relief when any adverse claim is made against him.

The complaint must be dismissed, as against the infant defendants, with costs.   Ordered accordingly.