(29 Misc. Rep. 93.)

ADAMI v. BACKER et al.

(Supreme Court, Special Term, New York County. October, 1899.)

VENDOR AND PURCHASER—JUDICIAL SALE—MARKETABLE TITLE.

By a will the executors were given power to sell, but it was never exercised, and a residuary devise postponed division of the realty till the youngest child reached the age of 21. A necessary sale of land, which the widow was adjudged to hold as trustee for the estate, subject to the rights of the testator's children and those entitled under the will, was ordered. The land was included in the devise. All persons interested were parties to the action. *Held*, that the judgment and sale passed a marketable title, notwithstanding the infancy of devisee's after-born grandchildren, and that the right to appeal from the judgment had not expired.

Action by Albert Adami against Herman Backer and others. Judgment for plaintiff.

Smith Williamson (J. C. De La Mare, of counsel), for plaintiff.
Roesch & Steiner, for defendants.

RUSSELL, J. The plaintiff requires the defendants to specifically perform a contract to purchase a lot on Forrest avenue, New York City. The defendants object that no marketable title can be given. Plaintiff bought at a judicial sale under a judgment in an action to which all the persons interested in the lands of Frederick Schwab, deceased, the undoubted owner at his death, were parties. That judgment determined that Barbara Schwab, the widow, held title as trustee for the estate, subject to the rights of his children and those entitled under his will. It further provided that the lands in question should be sold by a referee, and the proceeds go to a receiver, who should apply the income for the benefit of the widow, Barbara, the devisee of the life use of the testator's realty; leaving the ultimate disposition of the remainder, after her death, to the operation of the will. The defendants claim that this will curbed the right of the court to sell, because the executors were given power to sell, never exercised, and the residuary devise postponed division of the realty, including the lot on Forrest avenue, till the youngest child attained the age of 21, and then gave the issue of any deceased child his portion. Hence it is claimed that the sale was void, as being a sale of infants' real estate against the terms of the will, and also that unborn grandchildren, not being parties to the action, could not be bound by its judgment.

It is one thing to proceed specially under statutory authority alone to sell infants' real estate, where jurisdiction must be gained and followed within the lines of the statutory way. It is a very different thing to ask the courts of equity to adjudicate, and, if necessary, partition or sell, where rights in common with those of the infants equally require the exercise of equitable judicial action; where broad, equitable, general jurisdiction is appealed to for purposes of needed relief, and a sale is only a proper incident; and where the intent of the testator was not to keep the property in kind, but only in body. In such cases the scope of the judgment, operating within the sphere of administration of equitable relief,

is assailable only for error, by appeal. No one may otherwise question its force as to a thing it passed upon, and a purchaser under its judgment takes title so far as the parties upon whom it operates can give one. Nor can a nonexistent person, possibly born after the judicial sale, and possibly surviving a parent dying before the youngest uncle or aunt attained the age of 21, repudiate the title under the judgment. He takes by representation, limited though it is, subject to the burdens legally imposed in proceedings where he could only act through his parent representative, and especially where his right to the corpus remains unchanged. Kent v. Church of St. Michael, 136 N. Y. 10–17, 32 N. E. 704. The right of a party to appeal from this judgment, even if the time possibly carried along by stipulation has not expired, is no objection to title gained by the sale. Acts done in good faith under an unstayed judgment are valid. King v. Harris, 34 N. Y. 330; Id., 30 Barb. 471.

There is another view, strengthening the plaintiff's position, which occurs to the court. The title of Barbara Schwab, which was adjudged to be that of a trustee in the action of Kaiser against Schwab, the judgment in which we have been considering, was derived by her from a sale in foreclosure upon a mortgage which was a lien on the lands at the time of the testator's death. But for the judgment in Kaiser against Schwab, she would now be the absolute owner. No other evidence assails her title. As against her, the purchaser under that judgment gets good title. No other person can now or hereafter claim an interest in her husband's property through the force of that judgment, and repudiate the sale under it, found necessary by the charges on it and interests involved. And through the original foreclosure suit, and the second action restoring to the children in a modified way the title taken, there flows to the plaintiff from the original mortgage a title not now to be gainsaid. The variation in the reference to the terms of the lien resting upon the premises at the time of the contract between plaintiff and defendants is not substantial, and was cured by the substitution of a mortgage conforming to the contract. Let judgment go for the specific performance prayed, with costs.

Judgment for specific performance, with costs.