(No. 12223.—Reversed and ·remanded.)
B. F. BAKER, Appellee, *vs.* J. H. BAKER, Appellant.

*Opinion filed October 21, 1918.*

1. SPECIFIC PERFORMANCE—*equity will not require a proposed vendee to accept defective title.* A court of equity will not force upon a vendee a title clouded with substantial defects or one that he may be required to engage in litigation to defend or one which he cannot readily dispose of by reason of such defects.

2. SAME—*time as of which sufficiency of abstract of title is to be determined.* On a bill for specific performance of a contract requiring the vendor to furnish a good merchantable title, the sufficiency of the abstract of title is to be determined as of the date fixed by the contract for furnishing the same and closing the trade and not at some time subsequent to the filing of the bill.

3. WILLS—*when devisee takes a life estate under section 6 of Conveyances act.* A devise of land, at the death of the testator's wife, to his daughter and "her bodily heirs," gives to the daughter, under section 6 of the Conveyances act, a life estate, but if she has no heirs of her body and is also the heir of the testator the fee vests in her, subject to its being divested in favor of an heir of her body when it is born.

4. PLEADING—*when bill for specific performance is materially defective.* A bill for specific performance of a contract to convey land is materially defective where the complainant's title rests upon a partition decree but there is no averment in the bill or any showing that all the heirs or parties interested in the land were parties to the suit.

5. PARTITION—*what is necessary to conclude contingent interests of parties not in being.* A decree and sale in partition will conclude the contingent interests of persons not in being only when the decree provides for and protects such interests by substituting the funds derived from the sale of the land for the land itself and preserves enough of such funds to protect such interests.

6. SAME—*rule where party to partition decree becomes the purchaser at the sale.* Where a party to a partition decree becomes a purchaser at the sale it is her duty to see that a proper and binding decree is entered against any contingent remainder-men not *in esse,* and if the decree fails to determine and protect such rights the title secured by her purchase is defective.

7. SAME—*correct practice where persons not in esse may have some interest in land.* In a proceeding to partition land in which

persons not *in esse* may have some interest the bill should specifically set out the interests of all the parties, including remainder-men not *in esse,* and the decree should designate the interests of such remainder-men and definitely fix their title to the proceeds of the sale.

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

HALL, MARTIN & HOOSE, for appellant.

HOMER ENGLISH, for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The appellant, J. H. Baker, contracted with the appellee, B. F. Baker, on March 1, 1918, to purchase a farm in McLean county for the sum of $31,200,—$300 per acre. Appellee agreed to furnish appellant an abstract of title showing a good merchantable title in appellee. Appellant having declined to accept the showing of appellee as true that he had such a title, appellee filed his bill for specific performance against appellant in the circuit court of said county April 30, 1918. The sole question in the court below was whether the abstract as furnished, or the bill of complaint, showed a good merchantable title. The issue was raised by a general and special demurrer to the bill. The circuit court overruled the demurrer of appellant and entered its decree for specific performance of the contract against appellant and in favor of appellee.

Substantially the following facts are alleged in the bill: On April 23, 1913, George W. Taylor and Elizabeth Taylor, husband and wife, were owners of said land in fee simple, as tenants in common. On said last date George W. Taylor died seized in fee of his undivided one-half interest in said land, leaving a last will and testament "in due form of law" and which was duly and regularly probated in said county. His wife, Elizabeth, was named as executrix

in the will, and by the second clause of the will he disposed of his property in the following language:

"*Second*—After the payment of such funeral expenses and debts, I give and devise and bequeath to my wife, Elizabeth, all my property, both personal and real, to have and control (but not convey) during her life. After her death it is my desire that one-third of my real estate go to my daughter, Helen Smith, and her bodily heirs, and one-third to my brother, W. M. Taylor, now living in Kansas, and the remaining one-third to George S. Taylor, son of my nephew, Jesse Taylor, now living in Iowa."

On June 12, 1914, the W. M. Taylor mentioned in the· will, under the style of William M. Taylor, filed in the circuit court of said county a bill to partition said land, making Elizabeth Taylor, individually and as executrix of the will, Helen Smith and her husband, Earl Smith, and George S. Taylor, parties defendant, Helen Smith on that date having no issue born to her. The decree for partition rendered on said bill found that Elizabeth Taylor was seized of the undivided one-half of said premises in fee simple and of a life estate in the remainder after the payment of the debts of George W. Taylor; that Helen Smith and the heirs of her body were seized of an undivided one-sixth of the said premises, and that William M. Taylor and George S. Taylor were each seized in fee of an undivided one-sixth of the premises, subject to the life estate of Elizabeth Taylor and to said debts, and partition was thereby decreed accordingly, and that, in case the premises should be sold, the disposition of the proceeds of the sale of the interest of Helen Smith and the heirs of her body should be determined by the order of distribution. Commissioners were appointed to make partition, and upon their report a decree of sale of the premises was entered June 29, 1915. The master in chancery, after giving the notice required by the decree, sold the whole at public auction to Elizabeth Taylor, and, on the approval of the report of sale by the court, executed a deed

to her for the premises, which was duly recorded in said county, and she entered into possession thereunder. On November 6, 1915, a decree of distribution was entered in the partition cause, providing that the share due Helen Smith and the heirs of her body ($981.77) should be paid to her in cash, and the report of the master showing payment to her was duly approved. Appellee's bill further charged that on January 23, 1916, Elizabeth Taylor died testate, and by her will, which was duly and regularly probated in said county, devised to appellee the whole of said premises in fee simple absolute, and that under and by virtue of said will he entered into possession of the same. The contract for the purchase and sale of the land was set forth in appellee's bill, with the further averments that he furnished an abstract showing title in him; the tender by him to appellant of a warranty deed to said premises, duly executed; his readiness and willingness to perform the agreement, and the refusal of appellant to comply with his part of the contract, claiming that appellee's title to the premises was not a good merchantable title, etc.

The court erred in overruling appellant's demurrer and in entering a decree for specific performance of the contract. The law is well settled that a court of chancery will not force upon a vendee a title clouded with substantial defects, or one that a purchaser may be required to engage in litigation to defend, or one that he cannot readily dispose of by reason of defects in such title. The rule is, also, that the sufficiency of an abstract of title, upon a bill for specific performance of a contract requiring the vendor to furnish a good merchantable title, is to be determined as of the date fixed by the contract when the vendor was to furnish the abstract and the deal was to be closed, and not at some time subsequent to the filing of the bill. *Smith* v. *Hunter,* 241 Ill. 514.

Neither the bill of appellee nor the bill for partition aforesaid, so far as disclosed by appellee's bill, contains any

averment showing who were the heirs-at-law of the testa-
tor, George W. Taylor. The briefs and arguments in this
case are entirely silent as to such heirship. However, the
third ground of appellant's special demurrer is in this lan-
guage: "The heirs of Helen Smith at her death have an
undivided one-third in an undivided one-half of said prem-
ises, and have a right to follow the land at her death and
partition the same." There is no averment in appellee's
bill nor any statement or admission in the briefs and argu-
ments of either party to this suit, that Helen Smith has or
has not had issue of her body since the partition suit was
commenced or concluded, or that she is living or dead, other
than what appears from the foregoing statement. If we
may infer from the allegations of appellee's bill that Helen
Smith was the only heir-at-law of George W. Taylor, then
on the date of the filing of the bill for partition, she then
having no issue of her body, her interest in the land at
that time was a life estate in an undivided one-third of an
undivided one-half, and the fee in said undivided one-third
was vested in her, subject to be divested by the birth of
issue of her body, in which issue the fee would then be
vested. This is so because Helen Smith by the will of the
testator, George W. Taylor, was devised what is known at
common law as a fee-tail estate. Under section 6 of the
Conveyance act such a devise only gives a life estate to the
devisee and the remainder will pass in fee simple absolute
to whom the estate tail would at the death of the devisee
first pass. Where the devisee in such a devise has no liv-
ing issue of her body the fee descends to the heirs of the
testator at his death, and when the contingency happens,—
*i. e.,* birth of issue to the devisee,—the heirs' estate opens
to let in the remainder and it then vests in the issue of her
body. (*Peterson* v. *Jackson,* 196 Ill. 40.) The life estate
of Helen Smith was subject to the life estate of Elizabeth
Taylor, and the fee interest vested in Helen Smith as an
heir of the testator, whether she was the sole heir or one

of a number of the heirs of the testator, would at any time be divested by the birth of a child to her.

The contention of appellant is that no merchantable title in appellee was disclosed by the bill because the decree in partition was not binding on any possible issue of Helen Smith, who is still living, so far as appellee's bill discloses. He bases this contention upon the proposition that such issue of Helen Smith were not properly represented in the partition suit, and upon the further proposition that no provision was made in the partition decree by which the possible issue of Helen Smith could hereafter receive their part of the proceeds of the sale of the land. It has been expressly held by this court, as contended by the appellant, that such a life tenant cannot properly represent and bind remainder-men who are in existence and not made parties in a proceeding for partition, even though the decree finds that the life tenant is the owner of the fee. In this case Helen Smith was not only a life tenant under the showing in the partition bill but she was also an heir of the testator, and if the sole heir the fee was also vested in her, subject to be divested as aforesaid. Under the doctrine of virtual representation, now universally recognized by courts of this country, Helen Smith, as the sole heir of the testator, could represent and bind in the partition suit any possible children that might be born to her thereafter. This is necessarily so, because persons not in being cannot be made parties to the suit and represent themselves in person. (*Faulkner* v. *Davis,* 59 Va. 651; *Mead* v. *Mitchell,* 17 N. Y. 210; *Gavin* v. *Curtin,* 171 Ill. 640; *Hale* v. *Hale,* 146 id. 227.) But if Helen Smith was not the sole heir of George W. Taylor and there are other heirs of the testator, as charged by appellant in his brief, who were not made parties defendant to the bill for partition, such other heirs would not be bound by the decree in partition, as a part of the fee would be vested in them in the undivided third of said undivided half. By section 6 of our statute on partition it is provided

that every person having any interest, whether in possession or otherwise, and who is not a petitioner, shall be made a defendant to such petition. Persons not made parties and who do not appear are not bound by the partition decree. (*Wachter* v. *Doerr,* 210 Ill. 242.) Contingent remainder-men *in esse* not made parties in a partition proceeding are not bound by the decree. *Peterson* v. *Jackson, supra.*

It was incumbent on appellee that he make the necessary showing by his bill that he had a good merchantable title to the land in question. By his bill he first charged that he obtained title to said land through *mesne* conveyances from George W. Taylor and Elizabeth Taylor, and averred that they were the owners in fee of the land on the day of the death of Taylor. He then, by the other allegations of the bill already recited herein, proceeds to show the various proceedings, instruments and occurrences by which the title to the land was finally conveyed or invested in him. One material defect in the bill is that it failed to allege who were the legal heirs of George W. Taylor. Without such an allegation it is not possible for this court to know whether all of the heirs or parties interested in the land of which the testator died seized were made parties to the bill in partition. The allegation in that particular is merely that certain parties were made parties defendant to the bill, who are merely the devisees named in the testator's will. The decree in partition merely deals with the parties named in the will and apparently settles the title according to the provisions of the will. The decree does not even recite or purport to recite who were the heirs-at-law of the testator, and there is no finding in the decree upon that question. The bill was therefore obnoxious to a general demurrer because of a failure to show that all the heirs of George W. Taylor were concluded and bound by the decree in partition.

We also think that the decree in partition is not binding on any possible issue of Helen Smith. If it be conceded that Helen Smith, under the doctrine of virtual represen-

tation, represented such possible remainder-men, and that such remainder-men would be bound by such representation by reason of her being not only a life tenant but also one of the heirs of George W. Taylor, still such remainder-men would not be bound by the decree in partition. In order to bind such interests it was necessary that the bill for partition should set out specifically the various estates involved, so that the court could in its decree protect the rights of such remainder-men by substituting in place of the land the funds derived from its sale and preserving them to the extent necessary to satisfy such contingent remainder-men as they might arise. (6 Pomeroy's Eq. Jur. sec. 716.) There is no showing in this record that the bill for partition did this,—*i. e.*, it failed to aver what specific interest Helen Smith owned in the land and what contingent interest the possible issue of her body might have, should any such issue thereafter be born, and there was apparently no prayer in the bill asking for any such a finding by the court and that the interest of such future contingent remainder-men should be protected by the decree of the court. The decree of the court merely found that the undivided one-sixth interest in question was owned by Helen Smith and the heirs of her body, without specifying such interest, and the decree contains no provision or order whatever protecting the rights of such contingent remainder-men in the proceeds of the sale. On the other hand, the decree shows that the master in chancery paid out the entire proceeds of the sale of the real estate to Helen Smith, and there is absolutely no provision in the decree that gives such possible contingent remainder-men any assurance whatever of collecting under that decree any part of such sale. The amount of their interests was not even determined by the decree. The whole amount was paid to Helen Smith by the master and his report of that distribution was approved by the court. A decree and sale in partition only conclude contingent interests of persons not in being when the decree

provides for and protects such interests by substituting the funds derived from the sale of the land in place of it and preserving the fund to the extent necessary to satisfy such interests. (*Monarque* v. *Monarque,* 80 N. Y. 320; *Kent* v. *Church of St. Michael,* 136 id. 10; *Barnes* v. *Barnard,* 77 Hun, 234.) This court has held that it is the proper practice for the court, on order of sale, to appoint a trustee to receive and to retain for such possible contingent remainder-men not *in esse* the proceeds of the sale that might go to them, and to invest the proceeds and pay the same out to said contingent remainder-men, or to the proper parties to receive the same, when such interests shall finally be determined. *Betz* v. *Farling,* 274 Ill. 107.

Appellee's reply to the whole contention of appellant is, in substance, that Mrs. Taylor, the purchaser at such partition sale, was not bound to see that the proceeds of the sale were properly distributed. That doctrine is not applicable here. It is not a question, simply, of whether or not it was her duty to see that the proceeds of sale were properly distributed, but, being a party to the decree, it was her duty, and obligatory upon her, to see that a proper and binding decree was entered against any such contingent remainder-men not *in esse.* Failing to do so, the title to the land secured by her purchase was defective. When tenants in common and life tenants seek by bill in partition to partition lands in which persons not *in esse* may have some interest, it is a reasonable and wholesome requirement for a court of equity to hold that the bill shall clearly and specifically set out the interests of all the parties in the premises sought to be partitioned, including those of the remainder-men not *in esse,* and that the decree of the court shall designate the interests of such remainder-men not *in esse* and definitely fix their title in the portion of the proceeds of sale before they shall be bound by any decree and sale in partition which extinguishes or seeks to extinguish their title to the real estate. When that is done by the decree of court

284 – 35

it is then up to the court to appoint a trustee or make some other such arrangement for the collection, re-investment and distribution of the fund. When a decree so provides there can be no further question against the purchaser at such a sale, or against his title, if the purchase money does not finally reach the proper hands. It is up to the parties in ·the partition suit to see that a proper decree is rendered, and ·where one of them purchases at such a sale without so doing he purchases at the risk of the contingent remainder-men not *in esse* being permitted to assert their title to the land when they come into being.

The decree of the circuit court is reversed and the cause remanded, with directions to dismiss the bill for want of. equity. .    *Reversed and remanded, with directions.*