Joseph A. Cox, S.
The trustee is here accounting for a residuary trust created by the testator’s will for the benefit of his son Howard Gould. The will granted the income beneficiary a power to appoint the trust remainder to his issue and provided that, in default of appointment, the remainder be paid to such issue. By reason of the beneficiary’s death without issue neither of these dispositions could be effectuated and, in this circumstance, a further provision of the will, becomes operative which disposes of the trust remainder in the following language: “ In the event that any of my children shall die without issue, then to .pay, assign, transfer and convey the part or share of the one so dying to my surviving children and to issue of any deceased child share and share alike per stirpes and not per capita.”
Question arisés in this proceeding as to the status of persons who are referred to in the pleadings as “ the Sinclair children.” *1069 The' right of such persons to a remainder interest in other residuary trusts has been the subject of considerable litigation in the past and the determination of such litigation involved the interpretation and application of the will provision which has been quoted above. In the course of such litigation a stipulation of compromise was entered into which committed these persons as to their interests under this will. No present purpose would be served by a review of these past events and of the prior judicial determinations, including those made in Matter of Gould (172 Misc. 396) and Matter of Beresford (146 Misc. 140.) Upon the undisputed facts and- the prior judicial determinations, it now is held that the Sinclair children and grandchildren are estopped from asserting a claim of interest in this trust by the prior judgments and. the stipulation of compromise. In fact no party to prior proceedings in this estate takes a contrary position but, on behalf of infants, born after the termination of the prior litigations, a contention is made that, because such infants were not parties to prior proceedings, they are not bound by prior decrees, although, concededly, any ancestor who was a party to prior proceedings would be bound. The law in this respect, quite contrary to the contention made on behalf of the after-born infants, was established in Kent v. Church of St. Michael (136 N. Y. 10) and the question here involved was considered at length in Matter of Balfe (49 N. Y. S. 2d 882, affd. 269 App. Div. 904, affd. 295 N. Y. 975.) In the Balfe case it was held that, within the doctrine of virtual representation, a decree made in a proceeding to which all persons presumptively entitled to a trust remainder were parties was binding on after-born children of the presumptive remaindermen. Accordingly it is held that the after-born Sinclair children are bound to the same extent as other Sinclair children.
Certain adopted children have been cited herein but, although some have appeared, they make no claim of interest. These children were adopted long after the death of the testator and there is nothing before the court, either in the will or extraneous the will, to permit a holding that they have an interest in the estate (Matter of Upjohn, 304 N. Y. 366).
The trustee has interpreted the testamentary direction for a disposition per stirpes to the issue of a deceased child of the testator as requiring that five grandchildren of a deceased granddaughter of the testator be treated equally in the same manner as would be proper under section 83 of the Decedent Estate Law, had their common ancestor died intestate. These five grandchildren of the testator’s granddaughter are her only living issue and are of an equal degree of consanguinity to her *1070 but they do not have common parents. The court does not agree that the intestate rule as to distribution among persons of equal consanguinity is applicable to this will. The testator did not direct that remainder interests pass in the same manner as intestate property of his chldren and, if he had given such direction, the interests of intestate distributees would be fixed by their relationship to a child of the testator, in which event the five great-grandchildren of the testator’s deceased child would not be of equal consanguinity with the other distributees of the testator’s deceased child. The will must be interpreted in a manner to give effect to the direction that distribution be made per stirpes and not per capita. That direction was one against equality of distribution and was a clear mandate that a division of the fund be made with the testator’s children as the heads of the stocks (Matter of Day, 10 A D 2d 220, 222-224). The fact that the Legislature in enacting section 83 of the Decedent Estate Law did not adopt a complete stirpital method of distribution is irrelevant to the interpretation of this testator’s language.
Any party desiring to do so may submit an intermediate decree, on notice, or, if all parties so desire, the rulings here made may be incorporated in the decree settling the account.